**AP**             **ASSOCIATED PRESS**

Brian Barrett
Assistant General Counsel

450 West 33rd Street
New York, New York 10001
T 212.621.7547

www.ap.org

FILED / LODGED / ENTERED / RECEIVED
SEP 21 2015
CLERK U.S. DISTRICT COURT AT SEATTLE
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

September 21, 2015

**VIA HAND DELIVERY**

The Honorable James L. Robart
United States District Judge
United States Courthouse
700 Stewart Street, Suite 14128
Seattle, WA 98101 - 9906

Re:    *United States v. Fryberg*, No. 2:15-cr-00109-JLR (W.D. Wash.)

Dear Judge Robart,

       As counsel for The Associated Press ("AP"), I write with regard to public access to hearings and documents in the above-referenced matter.

       The case against Mr. Fryberg is of significant public interest because it concerns his prosecution for the allegedly illegal purchase of a handgun used by his son to kill four of his high school classmates and himself at Marysville-Pilchuck High School in October 2014—an incident that made news around the country. AP reporter Martha Bellisle, along with other news reporters, has attended and covered the proceedings in this case.

       The parties to this case have repeatedly asked the Court to seal certain documents and, in one instance, to close a hearing. Based upon a review of the record, the motions to seal appear to contain none of the showings required to overcome the strict standards governing limitations of the public access right. *See, e.g.*, Motion to Seal Defendant's Motion for Change of Venue [Dkt. 42] (public access to motion "will exacerbate the problem with pretrial publicity"); Government's Motion to Seal [Dkt. 46] (motion for change in venue "contains sensitive information"); Motion to Seal Defendant's Trial Brief [Dkt. 55], withdrawn at Dkt. 57. The Court has granted each of these requests except Mr. Fryberg's request to seal his trial brief, which he withdrew before the Court rendered a decision. *See* Order Granting Motion to Seal Document [Dkt. 44]; Order to Seal [Dkt. 46-1].

       At the September 16, 2015, hearing on Mr. Fryberg's motion for change in venue, his counsel asked the Court to close the courtroom, with no prior notice to the public. Ms. Bellisle attempted to object, but the Court did not permit her to explain her objections because she did not have a lawyer present. The Court granted Mr. Fryberg's motion without recording any findings. *See* Minute Entry for Sept. 16, 2015 Hearing [Dkt. 57] (counsel for defendant "moves to close the courtroom to discuss the motion to change in venue. The court grants the motion and the courtroom is closed").

The AP is concerned about the parties' attempts to exclude the public from portions of this matter. The Supreme Court has recognized broad, presumptive constitutional and common law rights of access to court proceedings and records, including pre-trial proceedings. *See, e.g., Richmond Newspapers v. Virginia,* 448 U.S. 555, 571 (1980) (public right of access applies to criminal trials); *Press-Enterprise Co. v. Superior Court* ("*Press-Enterprise I*"), 464 U.S. 501, 505-08 (1984) (voir dire); *Press-Enterprise Co. v. Superior Court* ("*Press-Enterprise II*"), 478 U.S. 1, 13 (1986) (preliminary hearings). This right is premised on "the common understanding that 'a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs.'" *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 604 (1982) (citation omitted). The presumption of access "is no quirk of history." *Richmond Newspapers,* 448 U.S. at 569, 580 n.17. Instead, openness allows "the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government." *Globe Newspaper Co.,* 457 U.S. at 606.

In view of these important principles, a court may not deny access unless it makes specific, on-the-record findings that sealing or closure is necessary to protect an "overriding interest based on findings that closure is essential to preserve higher values." *Press-Enterprise I,* 464 U.S. at 510. *See also CBS, Inc. v. District Court,* 765 F.2d 823, 825 (9th Cir. 1985) (standard not met with respect to sealed district court findings on motion for reduction of criminal defendant's sentence). The court must determine that no alternatives exist to the sealing or closure order, and even assuming a party can satisfy these high hurdles, any sealing order must be "narrowly tailored to serve that [specific] interest." *Id. See also, e.g., United States v. Kaczynski,* 154 F.3d 930, 932 (9th Cir. 1998); *Oregonian Publishing Co. v. District Court,* 920 F.2d 1462, 1464 (9th Cir. 1990). If the interest asserted is the right of the accused to a fair trial, the hearing shall be closed only if specific findings are made demonstrating that, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights. *Press-Enterprise II,* 478 U.S. at 14.

Moreover, a court cannot limit the public access right without following the procedures defined in *United States v. Brooklier,* 685 F.2d 1162 (9th Cir. 1982), to ensure the constitutional right is adequately protected. First, "those excluded from the proceeding must be afforded a reasonable opportunity to state their objections." *Id.* at 1167-68. Second, "the reasons supporting closure must be articulated in findings." *Id.* at 1168. *See also Phoenix Newspapers, Inc. v. District Court,* 156 F.3d 940 (9th Cir. 1998) ("[I]f a court contemplates sealing a document or transcript, it must provide sufficient notice to the public and press to afford them the opportunity to object or offer alternatives. If objections are made, a hearing on the objections must be held as soon as possible.").

This Court's rules recognize these important interests. Under LCR 5(g), "[t]here is a strong presumption of public access to the court's files." *See* LCrR 55(c) (party seeking to seal materials in criminal proceedings "shall comply with the requirements of LCR 5(g)"). Thus, even where the parties agree to sealing, the filing party must file a motion that certifies the parties have conferred to reach agreement on the need for sealing, to minimize the amount of material filed under seal, and to explore redaction and other alternatives; and provides a "specific statement of the applicable legal standard and the reasons for keeping a document under seal,

with evidentiary support from declaration where necessary." LCR 5(g)(3)(g). *See also M.F. v. United States*, No. C13-1790JLR, 2015 WL 630946, at *2 (W.D. Wash. Feb. 12, 2015) (Robart, J.) (applying rule to deny motion to seal).

In view of these important principles and the history of the sealing and closure orders in this matter, the AP respectfully asks the Court to apply these principles to any future motions to seal documents or close proceedings, and to make a record of this application. The AP also respectfully asks that the Court allow Ms. Bellisle to be heard in the event of any such motion.

Thank you for your consideration of this matter. Should you have any questions, please do not hesitate to contact me at (212) 621-7547, or to speak directly with Ms. Bellisle.

Sincerely,

Brian Barrett

CC: John Henry Browne
Law Office of John Henry Browne
johnhenry@jhblawyer.com

Philip James Buri
Buri Funston Mumford
Philip@BuriFunston.com

Lee Edmond
Edmond Law PLC
ledmond.esq@gmail.com

Michael T Lee
Law Office of John Henry Browne
michael@jhblawyer.com

Bruce F. Miyake
U.S. Attorney's Office
Bruce.Miyake@usdoj.gov

YeTing Woo
U.S. Attorney's Office
YeTing.Woo@usdoj.gov